IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| vs. | : | 1:20-cr-18 |
| | : | |
| ANDY TOVAR | : | The Honorable Anthony J. Trenga |
| | : | |
| Defendant. | : | |
| | : | |

## DEFENDANT ANDY TOVAR'S
## REPLY TO THE GOVERNMENT'S RESPONSE TO MR. TOVAR'S MOTION TO SEVER

The government responds to Mr. Tovar's motion to sever principally on pages 15-19 of Government's Response in Opposition to Defendant's Motions to Sever (ECF 202). The government contends that Mr. Tovar's "motion to sever is similarly without merit," ECF 202 at 15, by wrongly concocting a "threshold requirement" for a motion to sever like Mr. Tovar's that is premised on a defendant's intent to testify as to certain offenses and intent not to testify as to certain other offenses. The government also wildly speculates – again wrongly – as to the factual proffer that Mr. Tovar will provide to the Court in support of his motion. Regardless of the basis or bases of joinder, severance is warranted when a joint trial impacts prejudicially a defendant's constitutional right to testify. Such is the case here, as will be demonstrated in Mr. Tovar's proffer. Therefore, this Court should sever Counts I and II of the Indictment from the remaining charges and try Mr. Tovar on those charges prior to a separate trial (with or without the co-defendants depending upon the court's rulings on their motions to sever) as to the remaining counts.

The government claims that a defendant can only establish prejudice for severance of charges based upon the defendant's desiring to assert his privilege against self-incrimination with respect to one crime but not the other "when joinder is *solely* based on offenses being of the same or similar character." ECF 202 at 15 (emphasis in original, no legal authority cited for the proposition). Joinder here is based on both offenses that are of the same or similar character and are charged crimes that constitute a common scheme or plan. ECF 202 at 16. Mr. Tovar acknowledged joinder and the bases in his motion. *See* Defendant Andy Tovar's Motion to Sever (ECF 180) at 5. Mr. Tovar also noted, "The 2017 Charlottesville murder was separate and distinct. It is separated by time, by geography, by alleged participants, and by evidence." *Id.* Regardless of the bases of joinder, Mr. Tovar establishes prejudice by having his constitutional right to testify in his own behalf infringed by a joint trial.

The government's argument is flat wrong. Federal Rule of Criminal Procedure 8(a) provides: "The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged—whether felonies or misdemeanors or both—are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Prejudicial joinder includes *both* bases of joinder.

To start, left unsaid by the government is that *Goldman itself* was a case in which both bases of joinder had joined the counts that the defendant was seeking the sever. The Fourth Circuit reported that "we not only have counts of the indictment alleging offenses which 'are of the same or similar character' but we also have 'two or more acts or transactions connected together or constituting parts of a common scheme or plan." United States v. *Goldman*, 750 F.2d 1221, 1224 (1984). Subsequent decisions of the Fourth Circuit and local federal district courts have

made clear that the sources of prejudice identified by Mr. Tovar in his motion apply to *both* situations of joined offenses. *See, e.g.*, *United States v. Tyson*, 462 Fed. Appx. 402, 406-07 (4th Cir. 2012) (per curiam) (denying severance of charges in 7-count indictment for drug conspiracy, felony drug possession, and felony weapons possession charges because "desire to testify was not definite," evidence was mutually admissible, and all counts were logically related because the conspiracy covered the same one-month period); *United States v. Ranaldson*, 386 Fed. Appx. 419, 425-26 (4th Cir. 2010) (denying severances of drug conspiracy and assault of person executing federal search warrant in part because defendant's factual proffer was insufficient, evidence was mutually admissible, and all counts were logically related because they involved similar evidence and centered around the same search warrant event); *United States v. Parks*, U.S. Dist. LEXIS 111121, \*\* 17, (D. Md. July 3, 2019) (where joinder premised on both "similar character" and "constitute part of a similar scheme or plan," district court considers the "three sources of prejudice" set forth in *Goldman*).

Indeed, prejudicial joinder has been found in where joinder "rest[ed] solely upon the 'common scheme or plan' theory under Rule 8(a)" *United States v. Oaks*, 285 F. Supp.3d 876, 878 (D. Md. 2018). The district court found, "It is objectively reasonable for the Defendant to desire to testify *solely* as to Count Ten in order to refute, explain, or qualify either the alleged obstructive comments or his own alleged confession" and therefore exercising discretion to sever count from remaining counts of indictment." Id. at 881-83. Nor are the 2019 Northern Virginia events even necessarily admissible in the trial of the 2017 Charlottesville murder. They occurred years after in a different place with different facts. And, in any event, mutual admissibility is just

3

one factor. *See Roper v. United States*, 564 A.2d 726, 731 (D.C. 1989) ("a case where the defendant wishes to testify as to one offense, but does not wish to testify as to another" is situation where severance can be warranted despite apparent mutual admissibility).

In a single paragraph that stretches over three pages, the government constructs and then attacks a straw man as to what it posits is Mr. Tovar's proffer as to why he intends to testify about the 2017 murder and not about the subsequent 2019 assaults. The government's imaginations merit no response here. Nor does the government's disparagement of Mr. Tovar's anticipated testimony that he intends "to shift blame from himself to his underling criminal associates outside the presence of said underling criminal associates during trial in order to save face with MS-13." ECF 202 at 18. This argument makes no sense. Mr. Tovar's co-defendants during trial are not alleged to have had anything to do with the 2017 murder. Even without seeing Mr. Tovar's proffer, the government should be able to recognize that Mr. Tovar does not intend to "shift blame" to any of his co-defendants.[1] Not only is the government again concocting a false, fanciful motive why Mr. Tovar intends to testify to one event and not to others later in time, but the speculation that Mr. Tovar fails to recognize the public nature of his intended trial testimony and the transcript that will be generated is groundless. Mr. Tovar's proffer will address these matters.

WHEREFORE, for all these reasons and those that will be presented at a hearing on this motion, Defendant Andy Tovar respectfully requests that his motion be granted and that the allegations relating to the 2017 homicide are severed from the other allegations in the indictment, such that the 2017 allegations are presented in one trial in which Mr. Tovar is the sole defendant and the remainder of the allegations are presented in a separate trial.

---

[1] To the extent that the government truly thinks that Mr. Tovar intends to blame his co-defendants for the 2017 murder, the government seems to be giving an additional basis to the co-defendants' motions to sever from Mr. Tovar on a second-prosecutor theory.

Respectfully submitted,

_____/s/_____
Joseph King
VSB # 65632
King, Campbell, Poretz & Mitchell PLLC
118 N. Alfred Street
Alexandria, Virginia 22314
(703) 683-7070
Fax: (703) 652-6010
jking@kingcampbell.com

_____/s/_____
Edward J. Ungvarsky
VSB # 83014
Ungvarsky Law, PLLC
114 North Alfred Street
Alexandria, VA 22314
Office: (571) 207-9710
Cell: (202) 409-2084
Fax: (571) 277-9933
ed@ungvarskylaw.com

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed via ECF and thereby forwarded to all counsel of record on this 22nd day of November, 2021.

_____/s/_____
Edward J. Ungvarsky
VSB # 83014
Ungvarsky Law, PLLC
114 North Alfred Street
Alexandria, VA 22314
Office: (571) 207-9710
Cell: (202) 409-2084
Fax: (571) 277-9933
ed@ungvarskylaw.com