IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 1:20-cr-0018-AJT |
| | ) | |
| ANDY TOVAR, et. al., | ) | |
| | ) | |
| Defendants. | ) | |

**GOVERNMENT'S REPLY TO RESPONSE TO MOTION FOR CLARIFICATION**

As the Government already stated, the Government's position with respect to entering at trial Facebook, Title III, cellphone, and other evidence containing communications between co-conspirators admissible, pursuant to Rule 801(d)(2)(E), was plainly stated in the Government's not under seal Omnibus Brief directly responding to defendant Cruz Moreno's Motion, as well as in open court during the Motions Hearing that was not under seal concerning the same.  Thus, why counsel for Cruz Moreno is referring to sealed motions and responses is perplexing – particularly where the Order (Dkt. No. 230) denying the suppression of these specific category of materials, each of which the Government had already identified it intended to enter at trial, is plainly not under seal.

More importantly, counsel for Cruz Moreno seems to continue to be under the misguided impression, unsupported by any case law or Rule of Evidence cited by Cruz Moreno, that it is the Government's duty to do Cruz Moreno's job with respect to investigating and obtaining whatever information Cruz Moreno would like with which to "attack non-testifying co-conspirators" at trial. As the Government plainly set forth in its Omnibus Response, no case or Rule of Evidence creates any such duty for the Government to gin up *Giglio* materials on witnesses it does not even intend to call to testify at trial and to disclose such materials to a defendant.  Instead, consistent with its

legal duties, the Government has disclosed material within its possession pertaining to testifying and non-testifying co-conspirators, pursuant to Rule 16, *Brady*, *Jencks*, and *Giglio*.

Simply put, Cruz Moreno's failure to do his job in the two plus years that he has been a defendant in this case to obtain any such material that may exist (and which is not in the Government's possession) does not in any respect change the terms of what the Government agreed to with respect to not entering the testimonial statements of non-testifying co-conspirators at trial. Moreover, Cruz Moreno's failure to obtain such material, to the extent any such material exists, cannot and does not prevent the Government from entering evidence at trial that it is legally entitled to admit, pursuant to Rule 801(d)(2)(E), and that the Government repeatedly informed Cruz Moreno, via the publicly filed Omnibus Brief and argument at the Motions Hearing, it specifically intended to admit at trial.

Respectfully submitted,

Jessica D. Aber
United States Attorney

By:      /s/
Nicholas Murphy
Nicholas Patterson
Amanda Lowe
Assistant United States Attorneys
United States Attorney's Office

## **CERTIFICATE OF SERVICE**

      I hereby certify that on February 5, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to all counsel of record.

                                                /s/
                                        Nicholas Murphy
                                        Assistant United States Attorney